UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 5:26-cv-00659-CAS-MAA | Date | February 18, 2026 |
|---|---|---|---|
| Title | Balinder Lnu v. Fereti Semaia et al. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) – PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (Dkt. 3, filed on February 12, 2026)

### I. INTRODUCTION

On February 12, 2026, Balinder Lnu ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for declaratory and injunctive relief against the Fereti Semaia, Todd Lyons, Kristi Noem, and Pamela Bondi (collectively, "Respondents").[1] Dkt. 1 ("Pet."). Petitioner requests that the Court order Petitioner's immediate release from custody; declare that Petitioner's arrest and detention violate the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act; enjoin Respondents from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community; and order that Respondents may not re-detain Petitioner while Section 240 removal proceedings are ongoing. See Pet. at 19.

The same day, Petitioner filed the instant *ex parte* application for a temporary restraining order and a preliminary injunction. Dkt. 3 ("App.").

---

[1] Fereti Semaia is the Waren of the Desert View Facility; Todd Lyons is the Acting Director of ICE; Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"); Pamela Bondi is the Attorney General of the United States.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00659-CAS-MAA | Date | February 18, 2026 |
|---|---|---|---|
| Title | Balinder Lnu v. Fereti Semaia et al. | | |

On February 13, 2026, the Court enjoined Respondents from relocating Petitioner outside the Central District of California until further order of Court. Dkt. 5.

On February 17, 2026, Respondents filed a response to Petitioner's *ex parte* application for a TRO. Dkt. 7 ("Opp.").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

Petitioner alleges the following in his petition.

Petitioner is a 33-year-old citizen and native of India. Pet. ¶ 51.

On October 7, 2024, Petitioner entered the United States without inspection. Id. ¶ 52.

Petitioner was briefly apprehended by U.S. Customs and Border Protection upon entering the United States. Id. ¶ 53. Petitioner was then released on his own recognizance pursuant to Immigration and Nationality Act ("INA") § 236.² Id. ¶ 54. Petitioner was not paroled. Id. ¶ 55. Petitioner was not formally inspected or admitted into the United States at the time of entry or during his initial arrest. Id. ¶ 56.

Petitioner was given Form I-862, Notice to Appear ("NTA"), alleging that Petitioner entered the United States without inspection, permission, or proper entry documents and was therefore inadmissible. Id. ¶ 57. The NTA does not indicate that Petitioner is an "arriving alien," though the NTA contains a field for such a designation. Id. ¶ 58. Instead, the NTA indicates that Petitioner is a person present in the United States who has not been admitted or paroled. Id. ¶ 59.

---

² The Court construes this allegation to mean that Petitioner was "release[d]" on "conditional parole" pursuant to INA § 236(a), i.e., 8 U.S.C. § 1226(a). See Ortega-Cervantes v. Gonzales, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the [Immigration and Naturalization Service] used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a).")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00659-CAS-MAA | Date | February 18, 2026 |
|---|---|---|---|
| Title | Balinder Lnu v. Fereti Semaia et al. | | |

On January 15, 2025, Petitioner lodged his asylum application with the Executive Office for Immigration Review ("EOIR"). Id. ¶ 60.

On November 20, 2025, Petitioner was re-detained by Respondents despite there being no material change in circumstances regarding his release and without advance notice or a hearing to determine if Petitioner poses a flight risk or is a danger to the community. Id. ¶¶ 2, 62. Petitioner was waiting for his asylum hearing date before he was detained by the respondents. Id. ¶ 61. Petitioner does not have any hearing scheduled as of February 10, 2026. Id. ¶ 64.

Petitioner has fully complied with all requirements to apply for asylum protection, appeared at immigration appointments when requested, and complied with the laws of the United States following his unlawful entry. Id. ¶ 65.

Petitioner has no criminal history and has never been determined to be a flight risk or a danger to the community. Id. ¶¶ 66-67.

Petitioner currently remains in Respondents' custody. Id. ¶ 63. Petitioner is unable to work with legal counsel to prepare his case and is unable to work to support himself or his family. Id. ¶ 66

## III.   LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief. Whether to grant them is within the discretion of the district court." Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00659-CAS-MAA | Date | February 18, 2026 |
|---|---|---|---|
| Title | Balinder Lnu v. Fereti Semaia et al. | | |

harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

### IV.   DISCUSSION

The Court finds that the *ex parte* nature of Petitioner's request for relief is appropriate because Petitioner alleges irreparable injury by unlawful detention. See Mission Power, 883 F. Supp. at 492 (discussing showing required for *ex parte* relief); Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention constitutes irreparable harm.").

    **A.   Petitioner is Likely to Succeed on the Merits Challenging his Detention**

        1.   Procedural Due Process

Petitioner argues that his re-arrest on November 20, 2025, without a hearing—and after being released on his own recognizance shortly after October 7, 2024—violates the Due Process Clause of the Fifth Amendment. App. at 9-12.

In their response, Respondents do not address Petitioner's due process arguments and state that "Petitioner appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)." Opp. at 2. Respondents further state that "[w]hile the Petitioner seeks immediate release, to the extent Petitioner would be entitled to any remedy via the TRO Motion, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00659-CAS-MAA | Date | February 18, 2026 |
|---|---|---|---|
| Title | Balinder Lnu v. Fereti Semaia et al. | | |

The Court finds that Petitioner is likely to succeed on the merits of his procedural due process claim.[3] "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998). The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the deprivation "of life, liberty, or property, without due process of law." U.S. CONST. amend. V. The right to due process extends to noncitizens in the United States. See Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Wong Wing v. United States, 163 U.S. 228, 238 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guaranteed by [the Fifth Amendment], and that even aliens shall not ... be deprived of life, liberty, or property without due process of law."); Trump v. J. G. G., 604 U.S. 670 (2025) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (citation modified).

It is also well-established that freedom from government detention is a protected liberty interest. See Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects."). While the government may have "the

---

[3] The Court joins numerous other district courts reaching the conclusion that petitioners facing similar facts to the present case are likely to succeed on the merits or at least raise serious questions going to the merits of their procedural due process claims. See e.g. Pinchi v. Noem, 792 F. Supp. 3d 1025 (N.D. Cal. 2025); Guillermo M. R. v. Kaiser, 791 F. Supp. 3d 1021 (N.D. Cal. 2025); Pablo Sequen v. Kaiser, 800 F. Supp. 3d 998 (N.D. Cal. 2025); Doe v. Becerra, 787 F. Supp. 3d 1083 (E.D. Cal. 2025); Valencia Zapata v. Kaiser, 801 F. Supp. 3d 919 (N.D. Cal. 2025); Singh v. Andrews, 803 F. Supp. 3d 1035 (E.D. Cal. 2025); L.A.E. v. Wamsley, No. 3:25-CV-01975-AN, 2025 WL 3037856 (D. Or. 2025); Garcia v. Santacruz, No. 2:25-cv-10581-MWC-PD, 2025 LX 535592 (C.D. Cal. Nov. 10, 2025); Tut v. Noem, No. 5:25-cv-02701-DOC-AGR, 2025 LX 415266 (C.D. Cal. Oct. 16, 2025); Pop v. Noem, No. 5:25-cv-02589-SSS-SSC, 2025 LX 425456 (C.D. Cal. Oct. 3, 2025); Espinoza v. Kaiser, No. 1:25-CV-01101 JLT SKO, 2025 WL 2675785 (E.D. Cal. Sept. 18, 2025); Polo v. Chestnut, No. 1:25-CV-01342 JLT HBK, 2025 WL 2959346 (E.D. Cal. Oct. 17, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00659-CAS-MAA | Date | February 18, 2026 |
|---|---|---|---|
| Title | Balinder Lnu v. Fereti Semaia et al. | | |

initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody, she has a protected liberty interest in remaining out of custody." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); see also Ortega v. Bonnar, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does Petitioner have a liberty interest in remaining out of custody on bond.").

     Here, the parties do not dispute that shortly after the issuance of his October 7, 2024, Notice to Appear charging him of being removable from the United States, Petitioner was conditionally paroled pending his removal proceedings and released on his own recognizance. Pet. ¶ 54; dkt. 1-1, Ex. 2. His release was an implicit promise that he would be able to stay free from detention for the duration of his administrative proceedings absent changed circumstances. See Morrissey v. Brewer, 408 U.S. 471, 41-84 (1972) (a parolee "relie[s] on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." The revocation of parole undoubtedly "inflicts a grievous loss on the parolee," and as such, a parolee possesses a protected interest in his continued liberty.). Petitioner thereby gained a protected liberty interest in remaining out of custody.

     Having determined that Petitioner has a protected liberty interest remaining out of custody, the Court applies the three-part test established in Mathews v. Eldridge, 424 U.S. 319 (1976) to determine whether the government's procedures were constitutionally sufficient. The Mathews test balances three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335. The Court finds that each of the three Mathews factors supports Petitioner's right to a hearing before a neutral decisionmaker prior to re-detention.

     First, as explained above, Petitioner has a substantial liberty interest in remaining out of custody after having initially been conditionally released by immigration enforcement officials. Respondents may argue that DHS has extensive discretion in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00659-CAS-MAA | Date | February 18, 2026 |
|---|---|---|---|
| Title | Balinder Lnu v. Fereti Semaia et al. | | |

deciding whether an individual should be detained or re-detained, as if that discretion lessens Petitioner's interest in remaining conditionally free from detention. But "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017). Here, Petitioner was released from ICE custody after his initial apprehension and has been free from detention for nearly two years. His release from ICE custody constituted an "implied promise" that his liberty would not be revoked unless he "failed to live up to the conditions of his release." Morrissey, 408 U.S. at 482. Accordingly, Petitioner's private interest in retaining his liberty is significant.

Second, the Court finds that the risk of erroneous deprivation of liberty is high absent the procedural safeguard of a hearing before a neutral decisionmaker to determine whether Petitioner's detention bears a reasonable relation to the authorized statutory purposes of civil immigration detention: to ensure appearance at future immigration proceedings or to prevent danger to the community. Zadvydas, 533 U.S. at 693-94. Respondents do not argue that Petitioner is or has been previously determined to be a flight risk or a danger to the community. Furthermore, the Court finds that ICE's initial decision to release Petitioner shortly after October 7, 2024 reflects a determination that Petitioner was neither a flight risk nor a danger to the community at that time. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) ("As ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [Petitioner's] release that ICE determined she was neither."). Respondents do not contest that Petitioner abided by the conditions of his release. The Court finds no reason to determine that Petitioner, if not in custody, would fail to appear in future immigration proceedings.

Third, the Court finds that the government's interest in keeping Petitioner detained is low. As explained, the government has not shown that Petitioner's detention serves either to prevent flight or a danger to the community. See Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) ("As to the third factor, the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."). "Nor can the government suggest that the cost of providing such protections would be fiscally or administratively onerous." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1036 (N.D. Cal. 2025). "In immigration court, custody hearings are routine and impose a 'minimal' cost." Singh v. Andrews, No. 1:25-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00659-CAS-MAA | Date | February 18, 2026 |
|---|---|---|---|
| Title | Balinder Lnu v. Fereti Semaia et al. | | |

CV-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025). "The government's interest is further diminished where a person 'has consistently appeared for [his] immigration hearings ... and [ ] does not have a criminal record." Id. (citation omitted).

Accordingly, the Court concludes that Petitioner has shown a likelihood of success on the merits that his right to due process was violated by his detention without a pre-deprivation hearing.

    2.    Substantive Due Process

The Court finds that Petitioner's complaint also raises serious questions going to the merits of his substantive due process claim. "Substantive due process protects individuals from arbitrary deprivation of their liberty by government." Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006). As described above, Petitioner's freedom from custody after his initial detention is a protected and weighty liberty interest. Due process requires that "the nature and duration" of detention "bear some reasonable relation to the purpose for which the individual is" detained. Jackson v. Indiana, 406 U.S. 715, 738 (1972). Given that civil immigration detention is justified only when an individual poses a flight risk or a danger to the community, Zadvydas, 533 U.S. at 690, and the government had previously released Petitioner implicitly finding that he was neither, the Court finds that Petitioner has demonstrated at least a serious question as to whether his detention violates his substantive due process rights by failing to serve any valid purpose.

    **B.**    **Petitioner is Likely to Suffer Irreparable Harm**

"It is well-established that the first factor is especially important when a plaintiff alleges a constitutional violation and injury. If a plaintiff in such a case shows he is likely to prevail on the merits, that showing usually demonstrates he is suffering irreparable harm no matter how brief the violation." Baird v. Bonta, 81 F.4th 1036, 1040 (9th Cir. 2023). The Court finds that Petitioner would be immediately and irreparably harmed by his continued deprivation of liberty without due process. See Hernandez v. Sessions, 872 F.3d 976, 994-95 (9th Cir. 2017) (finding irreparable harm was likely to result from government's policy of not considering financial ability to pay immigration bonds); see also Rodriguez v. Robbins, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (finding irreparable harm was likely to result from government's reading of immigration detention

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00659-CAS-MAA | Date | February 18, 2026 |
|---|---|---|---|
| Title | Balinder Lnu v. Fereti Semaia et al. | | |

statutes as not requiring a bond hearing for noncitizens subject to prolonged detention). Furthermore, the Court finds that Petitioner is likely to suffer irreparable harm if re-detained without due process.

### C. Balance of Equities and the Public Interest

The last two Winter factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009). The government has a significant interest in the enforcement of its immigration laws. Nevertheless, the Court finds that the balance of equities and public interest factors tip in favor of Petitioner because Petitioner challenges his detention that is likely in violation of federal law and the Constitution. See Valle del Sol Inc. v. Whiting, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law.") (citations omitted); see also Rodriguez v. Robbins, 715 F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice"). Furthermore, if Respondents later prove that Petitioner's detention is necessary to prevent flight or danger to the community, then re-detention may be permitted by an immigration judge.

### D. Appropriate Relief

The appropriate relief here is not merely a post-detention bond hearing. See E.A. T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("[S]uch a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). Procedural due process affords Petitioner the right to a hearing before a neutral decisionmaker *prior* to any re-arrest or re-detention to determine if the government has demonstrated by clear and convincing evidence that his detention is necessary to prevent danger to the community or flight. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1199 (9th Cir. 2022) ("clear and convincing evidence standard of proof" is based on "general principles of procedural due process, reasoning that a detained person's liberty interest is substantial").[4] Accordingly, Petitioner should

---

[4] In Rodriguez Diaz, while the Ninth Circuit concluded that a clear and convincing standard was not constitutionally required in 8 U.S.C. § 1226(a) bond hearings because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00659-CAS-MAA | Date | February 18, 2026 |
|---|---|---|---|
| Title | Balinder Lnu v. Fereti Semaia et al. | | |

be immediately released from custody on the same terms as he was released prior to his re-detention. See Yang v. Kaiser, No. 2:25-cv-02205-DAD-AC, 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025) (status quo ante is "the last uncontested status which preceded the pending controversy."). This conclusion aligns with other rulings from district courts across this Circuit.[5]

    **E.   Bond is Waived**

The Court exercises its discretion and waives the bond requirement under Rule 65(c) because Respondents have not demonstrated any likelihood of harm if the Court grants the requested TRO. See Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.") (citation omitted).

**V.   CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** Petitioner's request for a temporary restraining order. It is hereby **ORDERED** that:

1. Respondents shall effectuate Petitioner's immediate release from custody to the conditions of release that existed prior to his re-arrest;

2. Respondents shall not re-detain Petitioner absent compliance with constitutional protections, which include, a pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present;

---

the procedure provided by statute was constitutionally adequate, the Court finds that neither the statute nor the holding of Rodriguez Diaz directly address the standard of proof that due process compels for a pre-detention hearing after an initial release from custody. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025).
[5] See supra n.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 5:26-cv-00659-CAS-MAA | Date | February 18, 2026 |
|---|---|---|---|
| Title | Balinder Lnu v. Fereti Semaia et al. | | |

3. Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case;

4. Petitioner shall not relocate outside of the Central District of California pending final resolution of this case; and

5. Respondents shall show cause in writing by no later than seven (7) days of this Order as to why the Court should not issue a preliminary injunction in this case. Petitioner may file a response no later than three (3) days after Respondents' filing. The parties' briefing on a preliminary injunction should address whether the granting of this TRO renders the preliminary injunction request, and the habeas petition itself, moot.

6. Respondents shall file a status report within two (2) days of this Order confirming their compliance with this Order.

IT IS SO ORDERED.

|  | Initials of Preparer | 00 : 00 |
|---|---|---|
|  |  | CMJ |